UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DA VONTE LOVE,

        Plaintiff,

        v.                                 Case No. 23-C-1537

DANIEL LA VOIE, et al.,

        Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

---

      Plaintiff Da Vonte Love, who is representing himself, alleges that Defendants violated the Eighth Amendment, the Americans with Disabilities Act (ADA), and the Rehabilitation Act (RA) at the Green Bay Correctional Institution. Specifically, Plaintiff alleges that Dr. Daniel La Voie and Nurse Lori Wachholz have improperly discontinued his prescription pain medication (Pregabalin) because he was unable to complete blood draws to test drug levels; that Dr. Jeffrey Anders and Dr. Alexis Rojas have improperly kept him on an ineffective antidepressant medication for over three years; and Interim Secretary Jared Hoy has refused to accommodate his neurological disability by allowing him to use a urine test (instead of a blood draw) to receive Pregabalin at the institution. Dkt. Nos. 1 & 9. In April 2024, Plaintiff filed two "motions for a temporary restraining order, motions for preliminary injunction." Dkt. Nos. 10 & 13. Plaintiff requests: (1) a urine test in order to receive Pregabalin for his nerve pain; (2) "brain stimulation treatment"[1] for his depression; and (3) a single cell for his vision and mental health issues. *Id.*

---

[1] Defendants indicate that they believe Plaintiff's reference to "brain stimulation treatment" is either Electroconvulsive Therapy ("ECT") or Transcranial Magnetic Stimulation ("TMS"). Dkt. No. 34 at 5. ECT works by passing small electric currents through the brain, triggering a brief seizure. Dkt. No. 36, ¶10. This procedure done under general anesthesia. *Id.* TMS works by using magnetic fields to stimulate nerve cells in the brain and is less invasive. *Id.*, ¶8.

To obtain a preliminary injunction, Plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Fed. R. Civ. P 65(b); *see also Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012) (citing *Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 589-90 (7th Cir. 2012)). In the context of prisoner litigation, there is an additional requirement that injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012).

Defendants explain that a urine test for Pregabalin is inadequate because it does not supply the information they need. Dkt. No. 34. Indeed, the purpose of Pregabalin testing is to ensure that an inmate is taking their pain medication as prescribed (i.e., they are not misusing, hoarding, or abusing the drug) and to ensure that the inmate is receiving a therapeutic dose of the medicine. *See* La Voie Dec., Dkt. No. 35, ¶10. Urine testing can only show whether or not a drug is in a patient's system—it does not show the amount of the drug in the patient's system, which is needed to assess effectiveness. *Id*., ¶12. With respect to brain stimulation treatment, Defendants explain that the treatments have serious side effects, including seizures, mania, hearing loss, memory loss, and heart problems. *See* Hamilton Dec, Dkt. No. 36, ¶¶9 & 11. They explain that there are other forms of treatment still available, including an increase in dose of Plaintiff's current antidepressant medication and other types of antidepressant medications, so brain stimulation treatment is not yet medically necessary. *Id.,* ¶15. Defendants also explain that medical staff are actively treating his nerve pain with Tylenol, other NSAIDs, steroid injections, splints, and surgery; and they are actively treating his depression with trials of different types of medications, including Lamictal and Vilazodone. *See* La Voie Dec., Dkt. No. 35, ¶21; s*ee* Hamilton Dec, Dkt. No. 36, ¶¶38 & 38. Defendants also argue that Plaintiff was not permitted to proceed on a claim for denial of a single

2

cell, so seeking it through an injunction in this case is inappropriate. Dkt. No. 34. They additionally note that Plaintiff has not recently complained about vision issues or about suicidal urge, so a request for a single cell to address those issues is moot anyway. *Id*.

Based on Defendants' response, the Court is satisfied that Plaintiff does not have a reasonable likelihood of success on the merits of his claims nor has irreparable harm. With respect to the Eighth Amendment claims, a medical care provider who exercises their medical judgment in choosing between different treatments is not deliberately indifferent. *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008). Plaintiff also does not have a constitutional right to the treatment of his choosing. *Walker v. Wexford Health Sources, Inc.,* 940 F.3d 954, 965 (7th Cir. 2019) ("[A]n inmate is not entitled to demand specific care.") Here, Defendants have demonstrated that they appropriately used their medical judgment to require blood testing for Pregabalin and to deny brain stimulation treatment. Defendants required blood testing (rather than urine testing) because they needed to know the amount of Pregabalin in Plaintiff's system to determine if it was at therapeutic levels. Because urine testing does not provide a key piece of information needed to assess the medication's effectiveness, Defendants' use of medical judgment to require blood testing was appropriate. Further, brain stimulation treatment has serious side effects, including seizures, mania, hearing loss, memory loss, and heart problems. Defendants therefore appropriately sought to exhaust conservative treatments before resorting to riskier brain stimulation treatments.

With respect to the ADA/RA claim, Defendants are only required to provide "reasonable" accommodations. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012) ("Refusing to make reasonable accommodations is tantamount to denying access."); *see Kotwica v. Rose Packing Co.*, 637 F.3d 744, 747–48 (7th Cir. 2011). As explained above, urine testing is not a reasonable accommodation because it does not provide the relevant information needed to assess the medication's effectiveness. Medical records also show that Plaintiff has not recently

3

complained about vision issues or about suicidal urge, so his request for a single cell to address those concerns is unreasonable and moot.

Based on Defendants' response materials, the Court is satisfied that Plaintiff does not have reasonable likelihood of success on the merits of his claims nor will he suffer irreparable harm. Plaintiff also did not reply to, or otherwise dispute, any of the statements or arguments in Defendants' response materials. Therefore, the Court will deny both motions for a temporary restraining order and preliminary injunction.

**IT IS THEREFORE ORDERED** that Plaintiff's motions for a temporary restraining order and preliminary injunction, Dkt. Nos. 10 and 13, are **DENIED**.

Dated at Green Bay, Wisconsin this 17th day of July, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge